UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE DAVIS, JR.,

    Plaintiff,

    v.                                    CAUSE NO. 3:21-CV-214-JD-MGG

UNITED STATES OF AMERICA, et al.,

    Defendants.

OPINION AND ORDER

    Robert Lee Davis, Jr., a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 15.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give the complaint liberal construction in light of the plaintiff's pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Mr. Davis's complaint is quite difficult to parse. He attaches excerpts from the Bible, drawings, and other materials. As best as can be discerned, he is claiming that the United States of America, the State of Indiana, St. Joseph County, and the City of South

Bend are infringing on his religious freedoms because his religion requires him to use methamphetamines, which he refers to as "the food of angels." He describes a "secret plot" by "several nations" to "hurt" him related to his use of methamphetamines. In the section where he is asked to designate his requested relief, he states as follows:

> I would like America to give me my God given rights, even diplomatic immunity for I am a sovereign state, even so I take the name of Israel. I would also like to speak to all nations proclaiming my message even of repentance.

(ECF 15 at 2.)

It can be discerned that Mr. Davis is currently facing criminal charges in St. Joseph County, but this court cannot dismiss or otherwise interfere with criminal charges pending in state court.[1] *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Nor can Mr. Davis obtain release from custody in this civil rights suit; instead, his sole federal remedy lies in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). To the extent he is claiming that he is a "sovereign" citizen entitled to special rights or not subject to laws of general applicability, such a claim is frivolous. *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993).

Assuming he could overcome these barriers, the United States has sovereign immunity from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Likewise, the State of

---

[1] Public records reflect that Mr. Davis has criminal charges pending against him in St. Joseph Superior Court for auto theft, public nudity, and other offenses. He was recently found incompetent to stand trial and transferred to a state mental health facility for treatment. *See State v. Davis*, No. 71D08-2008-F6-000826 (St. Joseph Sup. Ct. filed Aug. 31, 2020). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Indiana has Eleventh Amendment immunity in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). St. Joseph County cannot be held liable solely because it employs individuals involved with Mr. Davis's criminal case, and there is no factual content in the complaint from which the court can discern a plausible claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), against the County. His claim against the City of South Bend fails for the same reason. He lists the Governor of Indiana as a defendant, but this defendant is not mentioned in the narrative section, and the court finds no plausible basis in the amended complaint to hold the Governor liable for a constitutional violation. To the extent the Governor is being sued in his official capacity, he too would have Eleventh Amendment immunity. *de Lima Silva*, 917 F.3d at 565.

In short, Mr. Davis has not alleged a viable claim against any defendant. He has already been afforded an opportunity to amend his complaint, and the court finds no basis to conclude that if given another opportunity, he could assert a plausible constitutional claim, consistent with the allegations he has already made. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close the case.

SO ORDERED on September 7, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT